Good morning, Your Honors. I'm Gregory Baca of Saipan, Northern Mariana Islands, for the Defendant Appellant Park Soon-Kyung. I'm afraid I don't speak as well as I write, so with the Court's indulgence, I'd like to give a brief overview of the principal issues, and then answer any questions the Court may have, and reserve the balance of my time to address the Government's argument. May it please the Court. This case is about the Government's attempt to roll back the Supreme Court's return to the proper constitutional understanding of the role of the jury in our judicial system. In United States v. Booker, the Court ordered that sentencing factors be considered by the jury. The Government would stand that on its head by conflating the sentencing factors with the guilt phase, thus catechizing the jury, as the First Circuit put it in the Spock case. Well, in your case, the verdict form does tell the jury to first decide guilt or innocence, and then only if you decide guilt to go to the sentencing factors, otherwise to ignore them. Does that really... Well, Judge Canby, I think that's the same situation that happened in the Spock case, Your Honor. They're looking at it all at the same time. We can't assume that they're going to just skip some pages. They're all on one single document, so... Yes, but we have to... We assume that they follow the Court's instructions. We assume they follow the instruction, Judge Fragerson, but they still have it all in one We don't know if there's some deliberation. What happens if they can't decide? Are they supposed to not just turn the page? I mean, I think just... Spock Court recognized human nature as it is. It's not a question of disregarding the instructions so much as putting it all in one document. If the Court really wanted to have it considered separately, it should have been done so. I think that the main focus of this issue is the plain error... Well, there's a four-part test. Error, was it plain? And then the substantial right, and does it affect the fairness and public reputation? And I think the substantial right is the key issue. The substantial right is when and how sentencing factors are to be presented in conjunction with the guilt or innocence phase. And that is the substantial right that's recognized, for example, in the capital context under Gregg. No one would think of conflating guilt or innocence factors with the sentencing factors in a death penalty case. I mean, it's the exact same core due process addressed here. It's just the consequences are less, but the same principles apply. And so that substantial right, and I think I addressed this on page 18 of my reply brief, pages 17 to 19. I'm focusing there on the substantial right that we have here to due process affecting the framework in which the trial goes forward. And this is definitely something that does affect the framework. It's not just a mistake by the judge, as shown by the fact that the Department of Justice is seeking to propagate this error throughout the country. So it shows that not only is it a substantial right, but it's one that, it's a structural error, and it applies to the very fundamental nature of our jury trial system. Did the court want to also hear any... Were you trial counsel? I was not the trial counsel, Your Honor. I was appointed, court appointed on this case. I see. All right. But trial counsel didn't object to the, the verdict form, the fact that the verdict form and the special interrogatories were on one document. That's correct, Judge Fragerson. The trial counsel did not object. However, if we look at how it came in, it was kind of submitted by the prosecutor at the very last minute. The trial counsel was, as I indicated, another footnote, or even as the government themselves concede, did not mount a very vigorous defense. So, but you're right. So we're looking for plain error. It was not objected to by the defense counsel. All right. Are you through? Yes, Your Honor. Can I reserve my, the balance of my time to the government? Absolutely. All right. We'll hear from the government. Thank you, Your Honor. Good morning, Your Honors. This is Timothy Moran of the United States. Your Honor, no error occurred to your otherwise with regard to the special verdict form because it's simply not coercive or suggestive in any way. The defendant seems to suggest that any verdict form that combines sentencing and general verdict factors would destroy the jury system as we know it and would be unfair. However, we know that it is not the case that special verdict forms combined with special interrogatories are always unconstitutional. Both the Reed case and O'Looney case approved the use of special verdict forms that combine general verdict with special interrogatories. And we know from practice that they're also very common with drug cases and gun cases for just two examples. Under the plain error standard, it's the defendant's burden to show that error occurred. And the error that must be, that must have occurred here is that the verdict form that's been used, which cannot be always a problem, must have been coercive or suggestive in some fashion. And the verdict form, which is in the excerpt of records at page seven, just is not coercive or suggestive in any way. It merely states what the jury must find. And it also instructs the jury that they are not to consider the supplemental questions unless they make a finding of guilty on one of the three counts. And it's assumed that the jury follows jury instructions and those the jury should consider. There's nothing in these instructions, in this verdict form, that would suggest in any way what verdict the jury is supposed to find. And that's what makes this different than Spock. In Spock, I think there were 23 different special questions asking the jury 23 times to find guilt on the same count, as I understand it. That's coercive. That would be coercive and would be error had it happened here. But the jury is not asked 23 times or even more than once to find guilt in any particular count. Similarly, this verdict form does not in any way rephrase the elements of the crime, does not reorder the elements, does not break them down in some way that might be suggestive to the jury. The verdict form just says, as to each count, do you find guilty or not guilty? There could be nothing less suggestive than that. So the real issue for this court and the burden that the defendant, Mr. Park, must show for there to be any error at all is that this verdict form is coercive or suggestive in any way. And the government would submit that it just is not. And if you look at the verdict form, it reads very plainly and it is not in any way coercive. There's also no suggestion, any concrete suggestion, that the jury would have ignored the clear instructions both made by the court and on the verdict form. So there's no way to show even the first element of plain error. And so he never gets to whether a substantial right is affected or not. In addition, as far as the rest of the plain error factors, the government does not suggest that because of the DOJ memorandum that's suggesting the use of special verdict forms, that DOJ's imprimatur can somehow bless this procedure. It's up to this court to decide whether the procedure was flawed. The government refers to that memorandum only in the context of showing that the error is not plain. This was, this, during that post-Blakely pre-Booker period, this is how the federal courts were doing it. So for someone to say that this error is plain and of the kind that would jump out at you is unlikely because this is what all federal prosecutors were proposing. That also goes to the issue of ineffective assistance and whether the defense attorney should have objected to this form. And it's not, there was not a stipulation as to its use for seven days once the evidence had closed and the parties were agreeing on jury instructions and jury forms. So although, so it was not a, the defendant had an ample opportunity, seven days in fact, to object to this form or to propose a separate form or a separate procedure. And I suppose the, there might still be even post-Blakely instances where the defense attorney would use a special ruling form along with a general ruling form. There certainly could be, Your Honor. For example, in a drug case where you've got an issue of mandatory minimum sentences, even post-Booker, I think it's the law that the jury must determine those facts that would require a mandatory minimum sentence. And it's, it has been since Apprendi common practice to include a special interrogatory as to the amount of drugs included on a, on a verdict form. So you would have a To set the statutory standard. Exactly, Your Honor, because the jury, even post-Booker, the jury still has to find some facts relevant to sentencing. I wonder how much extra work or time it would take to split the sentence, to get a verdict from the jury, clearly you're innocent, and then guilty, send them back. Well, Your Honor, what, in the first place, it, let me answer your question. I, I don't know how much extra work it would be. In this case, with the, the jury having come back so quickly, it may not have taken very long. I think the reason why that might, that would be a bad policy in general, is that it would lead to many trials upon many trials. That first you, you, you try the, the case, and then you have to bring everyone back. And it's hard to see where this slope is going to end. How many witnesses do you bring back? Does the defendant get to bring back additional witnesses just to try the, the sentencing factors? Yeah, I guess I wasn't thinking so much of a penalty phase as I was, this two-stage verdict, that I could see where it might lead to a penalty. And in addition, Your Honor, it's, since we're in a plain error context, it's not my burden to show that it's, it's reasonable. It's the defense's burden to show that it was not reasonable. And my first thought was... Well, there wouldn't have been a problem if you had, had the general verdict go in. And then after the jury would come to the verdict, if you're guilty, you had to send him a special hearing, and you brought it to us. That wouldn't have been a problem. That's true, Your Honor. It would, it certainly would have dealt with this issue on appeal, and it would have resolved that issue. Probably a better way to do it. And then, then it can't be an argument that somehow the form of the verdict that went in, you know, was suggestive or focused their minds on the severity of the conduct or whatever. Well, Your Honor, I'm not sure it would allay all of the defense concerns unless we were to get into the mini-trials that Judge Kamey just asked about, because unless you were to... Well, I think you used the mini-trials. That's true, Your Honor, I did. There would be a lot of that, like, you know, slippery slope, mini-trials, floodgates, well, Your Honor, it would, unless there were given a general verdict, and that were instructed to the jury and argued to the jury, and then there were at least separate instructions and arguments as to the sentencing factors, it would not allay the appellant's concerns, because one of the things he's argued is that it's caused him, and he doesn't specify how, but he speculates that it causes him to argue inconsistent theories to the jury, and that's just not, I don't see how that's the case, because it's routinely argued, this did not happen, even if it did, you've got no evidence of this. Well, it probably wouldn't be long before people start objecting to the evidence of a mount, if it preceded the general verdict. That's correct, Your Honor. So it can, I see your point, lead to a problem, and I also want to address, the appellant has argued for the first time and has replied that this error is structural, and this is the first time we've heard that it's a structural error. I don't believe that it is. It's another reason that there was defense counsel throughout the trial, it did not affect the structure of the case, and in fact, there was defense counsel who did not object to this form, and he may have had very good reasons for not objecting to this form, we just don't know what they are, but I can see that there could be reasons why the defense counsel would have decided, you know, if I make a better case, by putting the whole thing in front of the jury. You talked about structural error, that the error is such that it's just, it's just really up to, in fact, the whole case, and you don't have to show prejudice. That's right, Your Honor, but I don't believe that he's made a strong, that this is structural error, for one thing, for the first time in his reply, and secondly, it's the kind of error that the Supreme Court has found to be structural, as one that affects the entire case, are errors that are almost outside the trial process, an improper for a jury panel, the complete lack of counsel, and in this case, we do have counsel who was representing his client vigorously, the reason we maintain the defense was feeble was because the evidence was overwhelming, not because the defense counsel acted irresponsibly, and I see, Your Honor, time is up, unless you have any further questions, I'll sit down, thank you, Your Honor, yes, Your Honor, first of all, the defendant appellant is not suggesting that any combination of a special verdict form is per se unconstitutional, as counsel correctly points out, the Reed and Looney cases do cite six categories of cases where those forms have been approved, I think this is of a different nature, however, because, again, you're going to a substantial right that we're talking about here, as far as the right to have a separate decision on guilt or innocence, and that's one reason why, because of this right issue, the government says, well, it's the first time I've mentioned structural error in my reply, but actually, if you look, structural error is all about the substantial right, and if you look at page 17 to 19 of my reply brief, I refer to where I previously, in the original brief, talked about the substantial right, I didn't use the term, quote, structural error, but the substantial right is what we're talking about here, and then, of course, also the government's own case that they cited for the standard review of plain error was a structural error case, so the government's not being prejudiced if this was raised on the first time in reply, which I would submit I've raised it previously. I also would not object to the government submitting a supplemental brief on structural error. I think I've set forth the structural error argument in my reply is where I clearly set it forth, where I give examples, and the government argues that, well, it's not so structural because it's not like the total absence of counsel, but here, it really is. It's not just a question of whether the judge does something right or wrong, but how or when this instruction is going to be given, and that's the big difference. Throughout this appeal, the government has been trying to characterize this case as only about, you know, do we get the conflated or special verdict form, and that's just the decision whether to issue one or not is just viewed for abuse of discretion, but what we're talking about here is how and when we're going to be giving this, and that is a structural question, and I don't want to just restate my arguments from my brief, but I would submit that it's not, you know, it's not something that, as the government would say, that it's not a structural error. Also, as far as having reason to object, we're going back to the error itself. There was a plain error. The plain error was here, if you look at the questions on the verdict forms, the government, or rather the defendant, is being forced to say how much money was stolen, while at the same time, he's denying having stolen any money at all. Now, the government would argue, oh, well, people do that all the time, especially in civil cases, and that, in particular, in the government's brief at page 13, line 7, but this is not a civil case. We're looking at the beyond reasonable doubt standard, and it does, it does catechize the jury, as the spot court put it. It does, it's all there on the same page, right there where they say not guilty, and then right at the bottom, you find that he was the organizer or leader, and then they turn the page, and then they have all the amounts. How can a defendant reasonably be expected to argue that he didn't do something, but, oh, if he did it, it was only a minimal amount? I mean, that's, it just doesn't pass the straight face test. I mean, it is plain error. I think there can be no doubt that there's a plain error. So those were the three main points, as far as what the government was saying that the defendant would disagree with. So you're, you're, you're basically arguing that there should have been two trials here. One on the guilt or innocence of the underlying crime, and the other should have gone to these other factors. No, Judge Fragerson, I'm not actually saying that we should have two trials. All the we're arguing is that they should have had a separate verdict form. Ultimately, the speculation about how the law could develop in the future, and whether they may ultimately come to be required, I hadn't really thought of that before. So your argument is there should have been two verdict forms. That's correct, Your Honor. One for guilt or innocence, and the other for sentencing factors. And then this would be in furtherance of what the Supreme Court did. That's why they did it in these, these presidential cases, you know, Booker and Blakely. So we shouldn't be trying to undo what the Supreme Court has done, which is what the government's policy would do. All right. Counsel, at the very end of your brief, you asked for an amyline remand on the ground that the district court considered itself bound by the guidelines. Is that still your position? Yes, Your Honor, and that's almost like a footnote. I don't understand the government to be objecting to that. But as to the other sentencing issue, which the government does object to, we would submit that if you just plain look at the record, the government, I mean, the judge, he promised that he would give defense counsel a chance to, or the defendant, a chance to make his allocution later. He made the finding in the absence of the defendant getting a chance to really say his piece. But that's not the amyline issue. The amyline issue is just a technicality, and I think the government does not oppose that. All right. Thank you. Okay. Thank you, and thank you for the argument. The matter is submitted.
judges: Pregerson, Canby, Hall